IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANCY GARDUNO,

        Plaintiff,

  vs.                                            CIVIL NO.   11-35 LFG/WDS

ALBERTSONS LLC,

        Defendant.

## ORDER DENYING FURTHER EXTENSION TO RESPOND

THIS MATTER is before the Court on Plaintiff Nancy Garduno's ("Garduno") letter [Doc. 38] requesting a further, unspecified extension of time.

### Background

Garduno filed an employment discrimination case against Albertsons on January 12, 2011, contending that she was terminated due to her age and gender. [Doc. 1]. At the time of the filing, Garduno was represented by counsel. However, on July 27, 2011, her attorney sought to withdraw due to a dispute on how best to manage the case. [Doc. 29]. On July 28, 2011, the Court entered an order deferring action on the motion to withdraw [Doc. 31], and required Garduno's counsel to advise Garduno that if the Court allowed counsel to withdraw, Garduno would be deemed a *pro se* litigant, and would be representing her own interests. Garduno was to be advised that, as a *pro se* litigant, she was required to comply with all obligations under the federal and local rules of procedure as well as all of the Court's orders and directives.

Garduno's counsel thereafter certified compliance with the notification requirement [Doc. 32]; and on August 2, 2011, the Court authorized Garduno's attorneys to withdraw [Doc. 33].

On September 22, 2011, Defendant Albertsons LLC filed a Motion for Summary Judgment [Doc. 34]. The following week, on September 27, 2011, Garduno requested an extension of time so that she could secure counsel and respond [Letter to Court, Doc. 35]. Garduno indicated that she was in touch with an attorney and would be consulting with the attorney shortly after October 4, 2011. [Id.]

The Court granted Garduno's request and extended the time within which she should respond to the Motion for Summary Judgment to October 31, 2011 [Doc. 36]. No response was filed, but on the following day, November 1, 2011, the Court received the letter from Garduno [Doc. 38], in which she stated that she was still without counsel and did not want her case dismissed. While she requested an extension of time, she did not indicate or specify when, if at all, a response would be filed. Thus, the request appears open-ended.

On November 1, 2011, Albertsons filed its Notice of Completion of Briefing [Doc. 37] confirming that no response to the Motion for Summary Judgment was filed.

## Analysis

Garduno has been aware since late July 2011, that due to a conflict concerning how best to manage her lawsuit, her attorneys were seeking to withdraw. It was incumbent upon her to secure new counsel or, alternatively, be prepared to represent her own interests in this litigation.

Garduno represents that she has consulted with two law firms, neither of which were willing to undertake representation. [Doc. 38 at 2]. While it is regrettable that Garduno cannot find an attorney, she is nonetheless required to comply with her obligations under the rules of procedure and the Court's scheduling orders. The fact that she is unrepresented does not give her any procedural or substantive advantage, and the Court is required to hold her to the same standards as any other represented party. *See* United States v. Distefano, 279 f.3d 1241, 1245 (10th Cir. 2002)("In general,

litigants proceeding pro se are held to the same procedural standards as those with counsel.").

Moreover, the Court has independent obligations under the district's Civil Justice Expense and Delay Reduction Plan, promulgated pursuant to the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, to ensure that cases are brought to completion within a specified amount of time. The Court must manage its docket to ensure that cases are efficiently, economically and expeditiously brought to a conclusion. *See* Matter of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984).

In this case, Garduno was on notice for several months of the need to secure counsel and she failed to obtain a substitute attorney. She was aware of her obligation to follow the rules of procedure as well as the orders and directives of the Court. Thus, she knew that a response to Albertsons' Motion for Summary Judgment was to be filed by October 31, 2011, and she failed to file a response. Her request for an extension came after expiration of the deadline for her response.

While Garduno now requests an extension of time, it is not specific. For example, she does not request an additional 20 days or 30 days within which to respond, but simply asks for an open-ended extension. This is impermissible, and, if granted, would delay a final disposition of the case and would increase costs.

The Court determines that a further extension of an unspecified amount of time is inappropriate.

IT IS THEREFORE ORDERED that Garduno's request is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge